IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEMETRIC TWITTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-009 |
| | ) | |
| DAVE CHENEY; BEVERLEY MURRAY; and TELFAIR STATE PRISON, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently detained at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   SCREENING THE COMPLAINT

A.   BACKGROUND

Plaintiff names as Defendants: (1) Doctor Dave Cheney, (2) Nurse Beverley Murray, and (3) Telfair State Prison ("TSP"). (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In March 2022, Plaintiff fell while at work and hit his head on the concrete floor. (Id. at 7.) Plaintiff injured his neck and needed surgery to remove bone fragments from the spinal column, which caused temporary paralysis for several days. (Id.) After the surgery, Plaintiff used

a walker because of "balance and equilibrium issues." (Id. at 10-11.) Upon arrival at TSP, Defendants confiscated the walker due to no apparent medical or security purposes. (Id.) Defendants clearly saw Plaintiff struggling to ambulate. (Id.) Without the walker, it is virtually impossible for Plaintiff to travel any distance within the institution, such as to the cafeteria. (Id.) Plaintiff still has balance and equilibrium issues due to the nerve damage from his neck injuries. (Id. at 10-11.)

After transfer to TSP, Plaintiff was scheduled to have an injection procedure performed on his neck to alleviate the pressure. (Id. at 9-10.) The procedure was medically necessary to "unlock" his left arm, which is virtually useless and sitting in a sling. (Id. at 10.) Doctor Cheney informed Plaintiff the procedure would not be done because the medical facility was five hours away. (Id. at 10.) Doctor Cheney never rescheduled the procedure. (Id. at 12.) The procedure was not discretionary. (Id. at 11.)

Defendants took Plaintiff's pain medication and did not fill Plaintiff's other prescribed pain medication because it was a narcotic. (Id. at 9-10.) Plaintiff is in constant pain due to his neck issues, which causes sleep deprivation. (Id. at 11.) Plaintiff requests compensatory and punitive damages. (Id. at 15.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc.,

366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

    **2.**    **Telfair State Prison is Not a Proper Party in § 1983 Claims**

Plaintiff fails to state a claim against TSP because prisons are not legal entities subject to liability in § 1983 claims.  See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL

6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not an entity capable of being sued under Georgia law).  Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Accordingly, Plaintiff's claim against TSP should be dismissed for failure to state a claim.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** dismissal of all claims against Defendant Telfair State Prison.  By separate Order, the Court directs service of process of the complaint on Defendants Doctor Cheney and Nurse Murray based upon Plaintiff's allegations of deliberate indifference.

SO REPORTED and RECOMMENDED this 17th day of April, 2023, at Augusta, Georgia.

```
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```