IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEMETRIC TWITTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-009 |
| | ) | |
| DAVE CHENEY and BEVERLEY MURRAY, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* in the case brought pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment on November 29, 2023. (Doc. nos. 23-1, 23-2.) On November 30, 2023, the Clerk of Court issued a standard notice informing Plaintiff of Defendants' summary judgment portion of the motion. (Doc. no. 24.) The purpose of this Order is to explain to Plaintiff the potential consequences of both motions.

**I.    Motion to Dismiss**

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. If Plaintiff fails to respond to this portion of the motion, it will be deemed unopposed and granted, resulting in the dismissal of the claims that are the subject matter of the motion. See Loc. R. 7.5.

When, on a motion to dismiss, matters outside the pleadings are presented to and not

excluded by the Court, the normal course is for the Court to determine whether the motion to dismiss should be treated as one for summary judgment and therefore disposed of as provided by Fed. R. Civ. P. 56. Jones v. Automobile Ins. Co., 917 F.2d 1528, 1532 (11th Cir. 1990). However, if the motion to dismiss raises the issue of exhaustion of administrative remedies,[1] the Eleventh Circuit has ruled: "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment." Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

Although a motion to dismiss based on an exhaustion defense need not be converted to a motion for summary judgment, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376 (citations omitted). Therefore, if the exhaustion issue cannot be resolved based on the pleadings alone, and if a defendant submits affidavits or other evidence in support of the motion to dismiss, the plaintiff must be given the opportunity to submit his own affidavits or other evidence contradicting a defendant's submissions. See id. Accordingly, Plaintiff's response to the motion should include appropriate supporting affidavits or other documentary evidence he may have to contest any exhaustion issue raised by Defendant.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil procedure regarding motions to dismiss, generally, and motions to

---

[1] The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

dismiss for failure to state a claim upon which relief may be granted, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 12 and 41 to Plaintiff's service copy of this Order.

## II.     Motion for Summary Judgment

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant. Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment

motion; there must be evidence on which the jury could reasonably find for Plaintiff.  See id. at 252.  All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment.  Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[2]  When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists.  This burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to this portion of Defendants' motion, the consequences are these:  Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed.  See Loc. R. 7.5.

To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 56 to Plaintiff's service copy of this Order.

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

**III.     Conclusion**

The Court **ORDERS** Plaintiff to file any opposition to the Defendants' motions, with appropriate supporting affidavits and evidence, or to inform the Court of his decision not to object to both portions of the motion, by no later than January 12, 2024.

SO ORDERED this 15th day of December, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA